642 So.2d 27 (1994)
SPRINGTREE COUNTRY CLUB PLAZA, LTD., Petitioner,
v.
Suzanne BLAUT and Milton Blaut, Respondents.
No. 94-1158.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, and Mark H. Hektner of Behan & Hektner, Palm Beach Gardens, for petitioner.
Nancy La Vista of Law Offices of Abrams, Anton, Robbins, Resnick & Schneider, P.A., Hollywood, for respondents.
*28 PER CURIAM.
We grant this petition for writ of certiorari and quash the trial court's order denying petitioner's motion to disqualify respondent Milton Blaut and his law firm from continuing as attorney for respondent and his wife. The motion below arose from a lawsuit for personal injuries brought by respondent lawyer on behalf of his wife, who claims injuries from a slip and fall accident at a restaurant in a shopping center owned by petitioner. Respondent also included a loss of consortium claim on his own behalf. The motion for disqualification, as amended, alleged that respondent's law firm previously represented petitioner and its associated entities, and that now his firm was suing its own client. At a hearing on the motion, respondent's partner testified that he formed the partnership agreement for petitioner Springtree in 1992, and continued as their resident agent of Springtree for service of process. Petitioner further cited to Rule 4-3.7 of the Rules of Professional Conduct, which provides in part:
(a) When Lawyer May Testify. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
(3) the testimony relates to the nature and value of legal services rendered in the case; or
(4) disqualification of the lawyer would work substantial hardship on the client.
Clearly, respondent's continued representation of his wife, while he is not only a party in interest, but also a party in the lawsuit seeking damages, could constitute a violation of Rule 4-3.7. Taken together with the obvious conflict of respondent's law partner vis-a-vis his prior representation of and current relation to petitioner Springtree, the trial court departed from the essential requirements of law that will cause material injury for which no adequate remedy could be had on plenary appeal, when it denied the motion to disqualify.
Respondent may well assert that he should be allowed, at the very least, to continue representing himself on his loss of consortium claim. However, the conflict with his law partner's position would prevent that result. Because of the possibility that the law partner was privy to privileged information (i.e., finances, partnership structure, assets, etc.) in forming petitioner's partnership, respondent would have the same access to such information whether he continued as counsel for both him and his wife, or just for himself.
We grant the petition and direct the trial court to issue an order disqualifying respondent Milton Blaut and his firm from further representation in the underlying personal injury lawsuit.
GUNTHER, POLEN and KLEIN, JJ., concur.