668 So.2d 638 (1996)
Julio HENRIQUEZ and U.S. Air., Inc., Petitioners,
v.
Richard TEMPLE, et al., Respondents.
No. 95-2704.
District Court of Appeal of Florida, Third District.
February 14, 1996.
Thornton, Davis & Murray and Kathleen M. O'Connor, Miami, for petitioners.
Hardy, Bissett & Lipton and Lee P. Teichner, Boca Raton, and G. William Bissett, Miami, for respondents.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
SCHWARTZ, Chief Judge.
The trial judge disqualified the petitioners' law firm because one of its attorneys deliberately and surreptitiously obtained documents which, after an in camera inspection, the trial court had previously ordered were not to be produced.[1] This conduct clearly involved *639 "a situation rife with the possibility of discredit to the bar and the administration of justice," see State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630, 634 (Fla.1991), and fully supported the order of disqualification. Rentclub, Inc. v. Transamerica Rental Fin. Corp., 811 F.Supp. 651 (M.D.Fla.1992), aff'd, 43 F.3d 1439 (11th Cir.1995); State Farm; Pantori, Inc. v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980). Indeed, even more serious sanctions, including contempt and bar discipline, would have been justified on this record.
Certiorari denied.
NOTES
[1] The trial court held in an order properly based on the evidence and the applicable law:

The activities of present defense counsel giving rise to plaintiffs' motion for sanctions, whether committed innocently, (which this court would like to believe) or not; whether done due to the innocence or over enthusiasm of a young associate, was done deliberately and in direct contradiction of the spirit and intent of this Court's Order of April 3, 1995, and the oral Order of May 3, 1995.
4. On May 3, 1995, when counsel for the defendants asked this court to reconsider its Order of April 3, 1995, the following colloquy took place:
"MS. BRODY: My name is Lori Brody on behalf of Julio Henriquez and US Air, Defendants. These are both of my motions. We have two motions this morning. One is defendant's motion to strike the order sustaining plaintiff's objection.
In April 3rd, Your Honor, you signed an order submitted by plaintiff's counsel, which sustained his motion. What was that, motion to compel? No. We were looking for documents from the Workers' compensation carrier. You ordered that you would have an in-camera inspection of those records and you ordered that those records would not be producible to us. (pg. 2)
THE COURT: I had an in-camera inspection that decided you weren't going to see them, right?
MS. BRODY: Right.
THE COURT: The order stands. (e.s.) (pg. 3)
See also the transcript of August 18, 1995, of the cross-examination of Ms. Brody by Plaintiff's counsel which convinced this court that defense counsel knew the intent of this Court's Orders and deliberately ignored and/or conveniently forgot the colloquy supra.
5. Notwithstanding the above and immediately thereafter, counsel for the defense contacted Alexis, Inc.'s attorney and obtained the documents from him without informing him of this Court's ruling that the defendants were not entitled to see those documents.
6. She and the firm have chosen to justify their pursuit of these documents by hiding behind the word "relevant" in the Order of April 3, 1995. This form of splitting hairs destroyed the clear intent of the April 3, 1995, Order and directly contravenes the Order of this Court on May 3, 1995. This activity has at the very least created an appearance of impropriety inconsistent with the proper administration of justice and undermines the integrity of the adversarial process. This conduct resulted in defense counsel obtaining records and information that this Court had ruled was [sic] not subject to disclosure in this cause.
7. It is further Ordered that the documents and records of Alexis, Inc. which were obtained in an ex parte fashion by defense counsel, as well as all memoranda, notes or other documents generated by defense counsel which make reference to the documents and records of Alexis, Inc., to the contents of those documents and records, or to any information gleaned from those documents and records, shall be removed from present defense counsel's file prior to the file being transmitted to successor defense counsel. Likewise, present defense counsel shall not engage in any oral communication with successor defense counsel with reference to the documents and records of Alexis, Inc., to the contents of those documents and records, or to any information gleaned from those documents and records.