731 So.2d 845 (1999)
MARCUS & MARCUS, P.A., a Florida Professional Association, Petitioner,
v.
David C. SINCLAIR, as personal representative of the Estate of James H. Davis, Davis Tree Farms, Inc., a Florida corporation, Davis Tree Farms North, Inc., et al., Respondents.
No. 99-380.
District Court of Appeal of Florida, Third District.
May 12, 1999.
*846 George, Hartz, Lundeen, Flagg & Fulmer, P.A., and Charles M.P. George, Coral Gables, for petitioner.
St. Louis & Martinez, P.A., and Juan C. Martinez, Miami, for respondents.
Before NESBITT, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Marcus & Marcus, P.A., seeks a writ of certiorari to quash a trial court order compelling redelivery of documents protected by attorney-client/work product privilege that the court had previously released to respondents. We grant certiorari and quash the order as petitioner has demonstrated that the trial court departed from the essential requirements of law causing material injury for which there is no adequate remedy on appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94-5 (Fla. 1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
After multiple in camera reviews of the documents, the court ordered delivery of the documents to respondents. The court concluded that petitioner had waived the privileges, and had asserted affirmative defenses that injected issues regarding the documents into the litigation.
First, we hold that the circumstances in this case do not support a finding that petitioner knowingly or intentionally waived the privileges.[1] Petitioner did not deliver the documents to the respondents, see Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329 (Fla. 3d DCA 1983), and was in no position to take reasonable precautions to avoid disclosure. See Abamar Housing & Dev., Inc. v. Lisa Daly Lady Decor, Inc., 698 So.2d 276 (Fla. 3d DCA), review denied, 704 So.2d 520 (Fla.1997). Moreover, the record does not support the conclusion that the privilege was waived based on the documents being jumbled or otherwise misconstrued.
Second, any alleged misconduct does not justify the order directing disclosure of privileged information; a sanction of disclosure is not commensurate with the alleged misconduct. See Eastern Air Lines, Inc. v. U.S. Aviation Underwriters, Inc., 716 So.2d 340 (Fla. 3d DCA 1998); see also Allstate Ins. Co. v. Walker, 583 So.2d 356 (Fla. 4th DCA 1991).
Third, release of the documents is also not justified on the basis that the "legal justification" defense injected the documents into the litigation. That defense, alone, does not implicate the documents disclosed herein and is not a basis for compelling revelation of these privileged documents. See Shafnaker v. Clayton, 680 So.2d 1109 (Fla. 1st DCA 1996); Long v. Murphy, 663 So.2d 1370 (Fla. 5th DCA 1995). See also DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988 (Fla. 3d DCA 1994)(work product not discoverable despite assertion of affirmative defense). Although respondents may make the requisite showing to obtain the type of information inadvertently disclosed herein in the future, the privilege is not waived simply by asserting the "legal justification" defense. See Home Ins. Co. v. Advance Machine Co., 443 So.2d 165 (Fla. 1st DCA 1983).
Finally, "we remind counsel of the well-justified dictate that `[a]n attorney *847 who receives confidential documents of an adversary as a result of an inadvertent release is ethically obligated to promptly notify the sender of the attorney's receipt of the documents.'" Abamar Housing & Dev., Inc., 698 So.2d at 279, quoting The Florida Bar Comm. on Professional Ethics, Op. 93-3 (Feb. 1, 1994). This dictate does not appear to have been followed in this case. See generally General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986).
Based on the foregoing, we grant certiorari, quash the order under review and remand with instructions to order the return of the documents to petitioner, including copies thereof, and to foreclose respondents' use of the documents for any purpose.
Certiorari granted, order quashed, and cause remanded.
NOTES
[1] We find no merit in the argument that petitioner lacks standing.