744 So.2d 544 (1999)
James R. WELLS and his Wife, Brenda Wells, Petitioners,
v.
Gerard D. GRAU, M.D., Fort Lauderdale Plastic Surgery Center, P.A., and Sharon Sheaf Grau, Respondents.
No. 99-1856.
District Court of Appeal of Florida, Fourth District.
October 20, 1999.
Donald A. Tobkin, Hollywood, for petitioners.
Jeanne C. Brady and Frank R. Brady of Brady & Brady, P.A., Boca Raton, for respondents.
PER CURIAM.
The petitioners, plaintiffs in a medical malpractice suit below, seek certiorari review of an order disqualifying their attorney, Donald Tobkin. While taking a deposition in an unrelated bankruptcy case, Tobkin asked certain questions which pertained to the deponent's involvement in the preparation of a pre-suit affidavit for the defense in the Wells' medical malpractice case. Although this deposition appears to have violated the bankruptcy rules[1] and the prohibition against discovery in the Florida Medical Malpractice Act, Tobkin did not actually obtain any privileged or objectionable information in that deposition. Consequently, he should not have been disqualified from representing the petitioners in the medical malpractice case below since there was no showing that he obtained an unfair advantage by reason of the improper deposition. See 5500 North Corp. v. Willis, 729 So.2d 508 (Fla. 5th DCA 1999).
We, therefore, grant the petition for writ of certiorari and quash the order disqualifying counsel. The trial court may consider *545 taking other action, including ordering that the deposition not be used and striking any pleading in whole or in part that refers to information obtained in the deposition. Of course, the trial court still has the authority to sanction Tobkin and even refer the matter to the Bar, as in 5500 North.
STONE, STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] Counsel was fined by the bankruptcy court.