783 So.2d 287 (2001)
Jane R. WHITENER, Petitioner,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, etc., Respondent.
No. 5D00-138.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
Rehearing Denied May 1, 2001.
Lee H. Schillinger and John A. Brekka, Jr., of Lee H. Schillinger, P.A., Hollywood, Roy D. Wasson, Miami, and Melvin Pearlman, Fern Park, for Petitioner.
Gregory A. Presnell and Stacey L. Cole, of Akerman, Senterfitt & Eidson, P.A., Orlando, for Respondent.
PER CURIAM.
Petitioner seeks a writ of certiorari to quash an order of the lower court disqualifying counsel in light of our opinion in First Union National Bank v. Whitener, 715 So.2d 979 (Fla. 5th DCA 1998), review denied, 727 So.2d 915 (Fla.1999). Because of the subsequent rulings in a related case in Duval County allowing discovery of documents we had held not to be discoverable in the Seminole County litigation, we have taken most seriously the matters presently before the court. We have rereviewed what we have from First Union National Bank v. Whitener, 715 So.2d 979, and we have ordered up and pored over the relevant filings in the Duval County suit involving the other beneficiary, Helen Turney, and the unsuccessful petition for certiorari that followed in the First District Court of Appeal.[1]
We recognize that the proceedings following our Whitener decision have been harsh for petitioner; the remedy fashioned for improper disclosure of the privileged documentsremoval of counselwas a strong one. Petitioner has urged that our Whitener decision was wrong and that in order to prevent manifest injustice, we should revisit our decision in light of events in Duval circuit court. We have tried to approach this issue with an open mind and were prepared to act if we concluded our prior decision had been wrong. After reviewing all these new materials, however, we still do not see how the crimefraud exception to the attorney/client privilege applies to the facts of this case. There are some aspects of the Turney case that may make the issue a bit closer than in this case but, we remain convinced that the attorney/client privilege of First Union should not have been abrogated. In light of our admonition to the trial court in our Whitener decision to fashion a remedy that would minimize prejudice to respondent due to the improper turnover of its privileged documents to opposing counsel,[2] we cannot say that the lower court abused its discretion.
PETITION FOR WRIT OF CERTIORARI DENIED.
PETERSON and GRIFFIN, JJ., concur.
SHARP, W., J., dissents, without opinion.
NOTES
[1] First Union Nat'l Bank v. Turney, 731 So.2d 1275 (Fla. 1st DCA), mandamus and prohibition dismissed, 761 So.2d 328 (Fla.1999).
[2] The record shows that removal of counsel as a possible consequence of the erroneous disclosure of the privileged documents was much discussed between the opposing parties from the outset.