783 So.2d 329 (2001)
Sandra SCHULTZ, Petitioner,
v.
Michael SCHULTZ, Respondent.
No. 4D00-3109.
District Court of Appeal of Florida, Fourth District.
April 18, 2001.
*330 Michael H. Gora of Hodgson, Russ, Andrews, Woods & Goodyear, Boca Raton, for petitioner.
David A. Riggs of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, for respondent.
WARNER, C.J.
We grant the petition for writ of certiorari seeking review of an order disqualifying the wife's counsel in a dissolution of marriage proceeding. We have jurisdiction. See Ocean Club Condo. Ass'n v. Estate of Daly, 504 So.2d 1377 (Fla. 4th DCA 1987).
Attorney Michael Gora, counsel for the wife, was disqualified because a retired partner, James Porter, still associated with the firm, had been appointed to be an arbitrator in a case involving the husband and his company. However, before the partner had conducted any hearings on the merits of the dispute, the conflict was discovered and the retired partner withdrew as an arbitrator. The trial court determined that there might be an appearance of conflict.
Disqualification of an attorney is an extraordinary remedy, and certiorari will lie to quash an order which improperly disqualifies counsel. See In re Estate of Gory, 570 So.2d 1381, 1382 (Fla. 4th DCA 1990). In Stewart v. Bee-Dee Neon & Signs, Inc., 751 So.2d 196, 205 (Fla. 1st DCA 2000), the court described the relevant appellate standard of review as follows:
[A] trial court's decision on a motion for disqualification is reviewed for abuse of discretion, that the trial court's discretion is limited by the applicable legal principles, and that the appellate court will not substitute its judgment for the trial court's express or implied findings of fact which are supported by competent substantial evidence.
Rule 4-1.12 of the Florida Rules of Professional Conduct applies to lawyers who formerly acted as arbitrators, and provides as follows:
(a) Representation of Private Client by Former Judge, Arbitrator, or Law Clerk. Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, arbitrator, or law clerk to such a person, unless all parties to the proceeding consent after disclosure.
. . .
(c) Imputed Disqualification of Law Firm. If a lawyer is disqualified by subdivision (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter unless:
(1) The disqualified lawyer is screened from any participation in the matter and is directly apportioned no part of the fee therefrom; and
(2) Written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule.
This rule does not disqualify Gora because the matter involved in arbitration was not the divorce, but was a shareholder suit against the husband and his company. However, even if the rule did apply, Gora complied with the rule by screening Porter from the divorce proceeding, and Porter resigned from being an arbitrator in the company matter.
The husband asserts, however, that an appearance of conflict exists, citing to *331 Koulisis v. Rivers, 730 So.2d 289 (Fla. 4th DCA 1999). In that case, a law firm was disqualified after it hired a legal secretary from the opposing counsel's firm, where the secretary had been primarily assigned to the case in litigation and was privy to confidential, material information, even though her new employer prevented her from working on the case, relying on Rule 4-1.10(b). In the instant case, however, the husband does not state in his response that the arbitrator received any confidential information. At the hearing, the husband's attorney informed the court that the arbitrator had received many documents in the proceeding, but these appeared to be related to a jurisdictional issue. There was no representation that Porter had received any confidential information.
Because disqualification is not required by the Rules of Professional Conduct, nor does it appear that Porter received confidential information in his short appointment as an arbitrator in the stockholder proceeding, the trial court's order of disqualification was an abuse of discretion.
We grant the petition.
STONE and HAZOURI, JJ., concur.