PER CURIAM.
Defendants in a civil action alleging the improper sale of condominium units seek review of an order disqualifying their attorney. See Schultz v. Schultz, 783 So.2d 329 (Fla. 4th DCA 2001); In re Estate of Gory, 570 So.2d 1381, 1382 (Fla. 4th DCA 1990). We grant the petition for certiorari.
Before filing his lawsuit, plaintiff communicated with two secretaries at the subject attorney’s law firm in an attempt to retain counsel. In the course of the communications, he faxed documents to the law firm. The trial court found that no attorney-client relationship was ever formed between plaintiff and defendant’s *1162 attorney. Moreover any communications with the law firm resulted in no prejudice to plaintiff. Indeed, the communications consisted of copies of parts of the Declaration of Condominium, which were public record anyway.
Disqualification of counsel is “an extraordinary remedy and should be resorted to sparingly.” See Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986). In this case, plaintiff failed to show that the law firm violated any of the Disciplinary Rules of The Florida Bar by representing defendant. See City of Lauderdale Lakes v. Enter. Leasing Co., 654 So.2d 645 (Fla. 4th DCA 1995) (“An order involving the disqualification of counsel must be tested against the standards imposed by Rules of Professional Conduct.”). Additionally, plaintiff failed to demonstrate that the law firm received any confidential information. Schultz, 783 So.2d at 331. Accordingly, we grant certiorari and quash the order disqualifying counsel.
WARNER, FARMER, and HAZOURI, JJ., concur.