825 So.2d 1071 (2002)
Patricia Levy MATLUCK, Petitioner,
v.
David Alan MATLUCK, Respondent.
No. 4D02-2613.
District Court of Appeal of Florida, Fourth District.
September 18, 2002.
*1072 John J. Shahady of Houston & Shahady, P.A., and John M. Ross of John M. Ross, P.A., Fort Lauderdale, for petitioner.
Barry S. Franklin of Franklin & Criscuolo, North Miami Beach, for respondent.
TAYLOR, J.
Patricia Matluck files this petition for writ of certiorari seeking to quash an order denying her motion to disqualify her former husband's attorney. The petition raises issues concerning the standard to be applied in determining disqualification of a law firm when a member of the firm previously acted as a mediator in the pending dissolution proceedings. We have jurisdiction to review the order. See Springtree Country Club Plaza, Ltd. v. Blaut, 642 So.2d 27, 28 (Fla. 4th DCA 1994). For the reasons discussed below, we grant the petition and quash the trial court's order.
Petitioner and respondent, David Matluck, were involved in post-dissolution proceedings, wherein respondent was seeking modification of custody for sole parental responsibility of the parties' nine-year old daughter. In October 2001 Donald G. Criscuolo, an attorney, acted as mediator for the parties. During the mediation process, Criscuolo received confidential information from petitioner and her counsel regarding all aspects of the parties' dispute. The mediation was not successful and ended in an impasse.
Subsequently, Criscuolo left his law firm and formed a law firm with respondent's attorney, Barry Franklin. Petitioner filed a motion to disqualify Franklin and his law firm from any further representation of respondent. On May 15, 2002, the circuit court held a hearing on the motion. At the hearing, Criscuolo did not refute petitioner's affidavit that he had received highly confidential information during mediation. He asserted, however, that he did not have any independent recollection of any of the confidential information he received. Respondent's attorney argued that, because Criscuolo had no independent recollection of the confidential information and was "screened" from the case, disqualification was not warranted. The court agreed that Criscuolo was required to be screened from the case, but ruled that the law firm need not be disqualified. In its order denying the motion to disqualify, the court relied on Schultz v. Schultz, 783 So.2d 329 (Fla. 4th DCA 2001), and stated:
The Court is satisfied, from the evidence presented and the proffers made, that reasonable and satisfactory efforts have been made to screen Donald Criscuolo from this case. Both Mr. Criscuolo and Mr. Franklin indicated to the Court, that Mr. Criscuolo has not worked on this case and there are no plans (nor have there ever been any plans) for him to work on this case. Mr. Criscuolo will also not be sharing in any fees associated with this case.
Rule 4-1.10(b) of the Florida Rules of Professional Conduct provides:
When a lawyer becomes associated with a firm, that firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm of which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) that is material to the matter.
The rule requires disqualification of a law firm when any of its lawyers practicing *1073 alone would be disqualified. See Sch. Bd. of Broward County v. Polera Bldg. Corp., 722 So.2d 971 (Fla. 4th DCA 1999).
Petitioner urges us to extend Rule 4-1.10(b) to the law firm of a mediator who received confidential information during the mediation process. Considering the broad scope of information protected by Rule 4-1.10(b), the values inherent in preserving the confidences of parties in mediation, and maintaining the integrity of the mediation process itself, we can see no reason not to apply this rule to a mediator and the mediator's law firm.
In Koulisis v. Rivers, 730 So.2d 289 (Fla. 4th DCA 1999), we applied Rule 4-1.10(b) to a non-lawyer who was exposed to confidential information. There, we ruled that a law firm representing plaintiffs in a medical malpractice case was disqualified after hiring a secretary who had previously worked at the defendant's law firm and obtained confidential information material to the case. We explained that, because protecting a client's confidences is of paramount concern, it made no difference that the employee was a secretary and not an attorney. "Where an employee of a law firm is privy to attorney-client confidences, `a court should not look to what tasks the employee performs so much as to his or her access to the same types of privileged materials that lawyers would receive.'" Id. at 291 (quoting Esquire Care, Inc. v. Maguire, 532 So.2d 740, 741 (Fla. 2d DCA 1988)). "Damage done by the disclosure of privileged information is not minimized because the source of the information is clerical staff and not an attorney." Id. Based on Rule 4-1.10(b), we established a standard of imputed disqualification of a law firm that hires a lawyer or nonlawyer who acquired confidential information and forbade screening of the employee. The third district adopted our standard as the appropriate method for determining disqualification in non-lawyer situations in First Miami Securities, Inc. v. Sylvia, 780 So.2d 250, 253 (Fla. 3d DCA 2001).
Because this appears to be a case of first impression in our district, we consider the reasoning of Koulisis as well as other authorities persuasive on this issue. In an advisory opinion rendered by the Mediator Qualifications Advisory Panel (MQAP), the panel cited various provisions of the Florida Rules for Certified and Court-Appointed Mediators in opining that a mediator who had served as the mediator in a personal injury case was precluded from being hired as co-counsel for the plaintiff in the same case. The MQAP chair wrote:
If the mediator were permitted to accept an appointment to serve as co-counsel for the plaintiff in a personal injury suit she had mediated, regardless of the passage of time, both the integrity of the mediator and the integrity of the mediation process itself would be severely compromised. Indeed, the very foundation on which the mediation process is based would be broken. Parties would no longer be able to confide in the mediator, knowing that their "confidential remarks" to the neutral and impartial third party could later be used against them by the same individual, who is now wearing the hat of "lawyer/adversary" at trial.
MQAP 94-002 (January 19, 1995).
In a similar MQAP opinion, one more closely aligned with the facts in this case, the panel opined, "it is inappropriate for the mediator to represent either party in any dissolution proceeding or in any matter arising out of the subject mediation." MQAP 94-003. Other courts are in accord with the panel's reasoning. See McKenzie Constr. v. St. Croix Storage Corp., 961 F.Supp. 857 (D.Vi.1997)(holding that plaintiffs law firm was subject to disqualification *1074 when, after unsuccessful mediation, the plaintiff's firm hired the mediator appointed to settle the case); Poly Software Int'l, Inc. v. Su, 880 F.Supp. 1487 (D.Utah 1995)(holding than an attorney who serves as a mediator cannot subsequently represent anyone in a substantially related matter without the consent of the original parties because mediators routinely receive and preserve confidences in much the same manner as an attorney and where the mediator was privy to confidential information the applicable ethical rules impose the same responsibility as the rules relating to any attorney's subsequent representation of a former client); Cho v. Superior Court, 39 Cal.App.4th 113, 45 Cal.Rptr.2d 863 (1995)(disqualifying a former judge and his law firm from representing a party in an action in which the former judge had participated in settlement conferences). These cases recognize the ethical dilemma and potential harm that result if an attorney has an unfair advantage due to confidential information gained during mediation with a client's current opponent.
Respondent relies on Schultz in arguing that disqualification was not required. However, Schultz is distinguishable. There, we held that disqualification of the wife's attorney in a dissolution of marriage proceeding was not required where the retired partner of the attorney's firm had been appointed as an arbitrator in an unrelated cases involving the husband and his company, and the arbitrator withdrew from the case before any hearings were conducted. Schultz, 783 So.2d at 331. We determined that Rule 4-1.12 of the Florida Rules of Professional Conduct, which applies to lawyers who formerly acted as arbitrators, did not disqualify the wife's attorney because the matter involved in arbitration was not the divorce, but rather a shareholder suit against the husband and his company. Id. at 330. Moreover, the husband did not represent that the arbitrator had received any confidential information concerning the husband. Id. at 331.
Here, the law partner of respondent's attorney conducted mediation in related marital proceedings. Additionally, it is undisputed that Criscuolo acquired confidential information from petitioner and her attorney on material aspects of the case. Thus, as in Koulisis, respondent's showing of reasonable efforts to screen Criscuolo from the case could not defeat disqualification.
Accordingly, we grant the writ of certiorari and quash the order by the trial court.
FARMER and GROSS, JJ., concur.