831 So.2d 214 (2002)
Thomas T. CUNNINGHAM, Petitioner,
v.
Heather H. APPEL, et al., Respondents.
No. 5D02-1421.
District Court of Appeal of Florida, Fifth District.
October 11, 2002.
Rehearing Denied November 27, 2002.
*215 Dana P. Brigham of Brigham & Brigham, P.A., Parrish, for Petitioner.
J. Lester Kaney of Cobb, Cole & Bell, Daytona Beach, Mark A. Evetts and William Christopher Carmody of Susman Godfrey, L.L.P., Dallas, Texas, and Ian B. Crosby, Seattle, WA, for Respondents.
PETERSON, J.
Thomas T. Cunningham (petitioner) petitions for certiorari review of a circuit court order denying his motions to strike the complaint of more than 250 Plaintiffs (respondents) seeking damages under an alleged Ponzi scheme and to vacate a pro hac vice order. He also seeks review of an order disqualifying his attorney. We summarily deny the petition on the first two points, but grant that portion of the petition requesting review of the order disqualifying petitioner's attorney.
Respondents obtained disqualification of petitioner's attorney because he acquired copies of written communications between respondents and their attorney considered privileged by the respondents. The documents were given to petitioner's attorney by one of the respondents and consisted of four letters:
1. A blank proposed attorney-client retention agreement which respondents admitted was not privileged.
2. A letter disclosing the time and location of a meeting.
3. A letter discussing an assignment of benefits which was public knowledge and reviewing some changes in the retainer agreement.
4. A July 18, 2001 letter clearly labeled as being privileged by the attorney-client relationship written to respondents by their attorneys and advising that a lawsuit had been filed in Florida, because it was the business headquarters of the Ponzi scheme and all of the defendants could be sued there. In addition, the letter informed respondents that local counsel had been retained, made an assessment of the judge assigned to the case and stated that some discovery had taken place and that more would hopefully be compelled by the court. In conclusion, it warned of the need for confidentiality and cautioned that litigation is an unpredictably long process.
Disqualification of a party's chosen counsel is an extraordinary remedy and should be granted sparingly. E.g., Eggers v. Eggers, 776 So.2d 1096 (Fla. 5th DCA 2001). See also Therriault v. Berghmans 788 So.2d 1119 (Fla. 2d DCA 2001); Schultz v. Schultz, 783 So.2d 329 (Fla. 4th DCA 2001); Vick v. Bailey, 777 So.2d 1005 (Fla. 2d DCA 2000). Nonetheless, as explained in State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla.1991), the legal system cannot function fairly and effectively if an attorney has an informational advantage.
Section 90.502(2), Florida Statutes, provides that a client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when that other person learned of the communication created during rendition of legal services to a client. E.g., Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451 (Fla. 5th DCA 1999). A communication between an attorney and client is deemed confidential if it is not intended to be disclosed to third persons, other than those to whom disclosure is necessary in furtherance of rendition of legal services.
Statements about matters unconnected with the legal services are not privileged, but communications relating to the acquisition or rendition of professional legal *216 services which have a confidential character are privileged. Id. at 458. The privilege extends not only to communications from a client, but also to statements made by an attorney to a client, because disclosure of an attorney's communications or advice to a client will effectively reveal the substance of the client's confidential communication. E.g., Boyles v. Mid-Florida Television Corp., 431 So.2d 627 (Fla. 5th DCA 1983), approved 467 So.2d 282 (Fla. 1985). Applying the foregoing definition to the four letters in question, we believe that of the four documents, at least the July 18 letter is protected by the attorney-client privilege.
Notwithstanding, the disclosure of the contents of privileged communications does not warrant disqualification of opposing counsel if no informational advantage is gained. Eg., 5500 North Corp. v. Willis, 729 So.2d 508 (Fla. 5th DCA 1999); Wells v. Grau, 744 So.2d 544 (Fla. 4th DCA 1999). As explained in General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505, 506 (Fla. 4th DCA 1986), the advantage an attorney may gain from the disclosure of privileged documents is not always measurable. The court in General Accident opined that perceptions are of utmost importance in ethical considerations in the practice of law and concluded that the possibility that an advantage did accrue warranted the drastic remedy of disqualification.
Petitioner contends that the documents were intentionally given to his attorney and that any attorney-client privilege was voluntarily waived. However, the concept that voluntary disclosure of the letters by one of over two hundred clients constitutes a waiver of the attorney-client privilege as to all clients which precludes disqualification is contrary to the ruling in Double T. Corp. v. Jalis Development, Inc., 682 So.2d 1160 (Fla. 5th DCA 1996). In Double T Corp., this court addressed a similar situation involving the voluntary disclosure of privileged documents. In that case, several defendants had agreed to joint representation and then one of the defendants declared bankruptcy. The bankruptcy trustee waived the attorney-client privilege and gave plaintiff's counsel access to the bankrupt defendant's files, which included privileged attorney-client communications regarding the pending suit. This court held that, because plaintiff's counsel had received an informational advantage as a result of the disclosure, albeit voluntary, the trial court departed from the essential requirements of law in failing to disqualify plaintiff's counsel. Similarly, in this case, even assuming that one of the respondents voluntarily waived the attorney-client privilege by providing these documents to a third party, knowing that they would be given to petitioner's counsel, there was no intentional waiver of the attorney-client privilege by any of the other jointly represented respondents.
In the instant case, the record does not show that petitioner's counsel deliberately and surreptitiously obtained the documents as in Henriquez v. Temple, 668 So.2d 638 (Fla 3d DCA 1996), nor do we view the disclosure of the July 18 letter as establishing that an informational advantage accrued to petitioner as in General Accident. Therefor, we grant the petition, issue the writ and quash only the order disqualifying petitioner's counsel, because no unfair informational advantage was obtained from the four documents. We remand to the trial court for further proceedings.
PETITION GRANTED IN PART and DENIED IN PART.
SHARP, W., and PALMER, JJ., concur.