GRIFFIN, J.,
concurring and concurring specially.
Even though it is clear that the instant petition for writ of certiorari must be dismissed because of its late filing, it presents a compelling issue of law that arises out of two prior decisions of this court[1] and, as a member of the panel in both cases, I feel compelled to offer one perspective on the impact of our prior decisions on the current issue below. The record below and the text of the order at issue suggest that the trial court may consider itself bound to act to disqualify Mrs. Whitener’s current counsel because of our prior opinions. Current counsel replaced former counsel, who had been disqualified as a remedy for erroneously obtaining attorney-client privileged documents from the trial judge. In Whitener I we had ruled that the trial court had erred in turning over the documents because Whitener had not established that the attomey/client privilege ap *444 plicable to several documents had been lost by application of the crime/fraud exception to the privilege. Subsequently, in similar litigation brought by a related party in Duval County, the trial court found the crime/fraud exception applicable and the documents at issue to be discoverable. See First Union Nat'l Bank v. Turney, 824 So.2d 172 (Fla. 1st DCA 2001). In Whitener II, the certiorari proceeding brought to challenge the decision of the trial judge in Whitener’s case to disqualify Whitener’s counsel, we were presented with several issues, one of which was that it would be manifestly unjust to disqualify trial counsel for obtaining documents protected by privilege when the subsequent Turney litigation had revealed that indeed the crime/fraud exception did apply and the documents were not protected by privilege, after all. This was the focus of the Whitener II opinion. We, in essence, said that because we remained unpersuaded that the crime/fraud exception did apply to the documents at issue, notwithstanding the Duval circuit court’s view to the contrary in the Turney case, certiorari would not he to undo the remedy fashioned by the trial court.
At some point, a trial in the Turney case was held in Duval circuit court and a substantial judgment was obtained against First Union. This judgment was appealed and the First District Court of Appeal issued its opinion affirming the judgment. Among the issues raised in the Turney appeal and addressed by the First District was the issue of the privilege. The First District held that the documents at issue were correctly ruled to be discoverable in that litigation. 824 So.2d at 191. Review was sought to the Supreme Court of Florida and denied. It thus appears that the attorney/client privilege for the documents at issue was lost in Turney and cannot be reclaimed by First Union. Id. The Turney documents, not being privileged, presumably are available for anyone in the world (including counsel in the Whitener case) to review in the Duval circuit court’s records. This legal reality did not exist when we decided Whitener I or II, and I cannot see how the trial court would infringe on the authority of this court by considering it. Nor is it apparent to me why the remedy of disqualification of the original trial counsel in Whitener I who erroneously received then-privileged documents from the trial court, based on counsel’s request, would suggest disqualification of replacement counsel who tried the Turney case. They were not involved in the conduct that required remediation and their possession of the documents has finally been determined to have been lawful by the First District Court of Appeal.

. First Union Nat’l Bank v. Whitener, 715 So.2d 979 (Fla. 5th DCA 1998) (Whitener I); Whitener v. First Union Nat’l Bank, 783 So.2d 287 (Fla. 5th DCA 2001) (Whitener II).