901 So.2d 366 (2005)
Jane R. WHITENER, Petitioner,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, etc., Respondent.
No. 5D04-1145.
District Court of Appeal of Florida, Fifth District.
May 6, 2005.
*367 Richard Mark Benrubi of Liggio, Benrubi & Williams, P.A., West Palm Beach, for Petitioner.
Stacey L. Cole of Akerman Senterfitt, P.A., Orlando, for Respondent.
THOMPSON, J.
Petitioner Jane Whitener seeks a writ of certiorari to review the trial court's non-final "Order on Plaintiff's Notice of Intent To Seek Compulsory Judicial Notice and Motion for Reconsideration." For the reasons set forth below, we grant the writ and quash the order.
This is at least the fifth petition for writ of certiorari filed in this court involving *368 this case. Whitener is one of two beneficiaries of a trust created by her father. She sued the trustee, First Union National Bank of Florida, ("trustee"), for breach of fiduciary duty, claiming that the trustee, through its neglect or misconduct, diminished the value of the only asset of the trust, an interest in a purchase money mortgage on a marina and waterfront property. The petition at issue involves the disqualification of Whitener's attorneys who were retained after disqualification of her original counsel.
During litigation, Whitener sought discovery of documents that the trustee claimed were protected by the attorney-client privilege. After an in camera inspection of the documents, the trial court ruled that the documents were not privileged and released all the documents to Whitener. Although the documents already had been disclosed, the trustee filed a petition for writ of certiorari seeking review of the order. This court granted certiorari review and quashed the trial court's order releasing the documents to Whitener.[1]See, e.g., First Union Nat'l Bank of Fla. v. Whitener, 715 So.2d 979 (Fla. 5th DCA 1998) ("Whitener I"). This court directed that on remand, "the lower court must fashion relief that will minimize prejudice caused by the error in turning the documents over" to Whitener.
On remand, the trial court determined that the documents in question were privileged and that Whitener's counsel had obtained an unfair advantage over the trustee as a result of their exposure to the privileged communications. The court noted that although the First District had reached a different conclusion regarding a "similar matter,"[2] it concluded that it was required to follow the mandate of this court.
While the trial court stayed the proceedings below, Whitener sought certiorari review of the trial court's orders. Whitener v. First Union Nat'l Bank of Fla., 783 So.2d 287, 287 (Fla. 5th DCA 2001) ("Whitener II"). This court affirmed the trial court's decision disqualifying Whitener's counsel but noted:
There are some aspects of the Turney case that may make the issue a bit closer than in this case but, we remain convinced that the attorney/client privilege of First Union should not have been abrogated.
Id.
After Whitener's original counsel were disqualified, Whitener hired attorneys Thomas Edwards and James Ford, who *369 were involved in the Turney case on behalf of the the co-beneficiary of the trust. Thereafter, the trustee filed a motion to disqualify Whitener's new counsel. The trial court disqualified Whitener's new counsel and ruled that Whitener's new counsel gained possession of the attorney-client privileged documents maintained by First Union and previously determined by this court to remain privileged in this matter as a result of the attorneys' involvement in the parallel Turney case. The trial court ruled that although the First District held that the same documents were privileged in the Turney case, that case involved a different plaintiff and different facts; whereas, in Whitener's case, it previously had been determined that the documents were privileged.
Whitener sought certiorari review of the trial court's order disqualifying her new counsel, but counsel miscalculated the filing period, causing the petition to be filed one day beyond the thirty-day period. Although this court dismissed Whitener's petition for lack of jurisdiction, in reliance upon Judge Griffin's specially concurring opinion,[3] Whitener filed a notice of intent to seek compulsory judicial notice and a motion for reconsideration of the order disqualifying Whitener's new counsel. The trial court held an evidentiary hearing, and determined that after reviewing the decisions rendered by this court and by the First District, the court was denying the relief sought by Whitener. It is this order that is the subject of our review.
We find that this case is properly before this court. Once the trial court granted reconsideration, the proper vehicle to request review of the motion's denial on the merits was pursuant to a writ of certiorari. See Shooster v. BT Orlando Ltd. Partnership, 766 So.2d 1114 (Fla. 5th DCA 2000) (stating that court had jurisdiction to review petition for writ of certiorari to review an order entered by a successor judge granting a motion to reconsider). Additionally, orders disqualifying or refusing to disqualify counsel are generally reviewable by certiorari. Morse v. Clark, 890 So.2d 496, 497 (Fla. 5th DCA 2004); see also Carnival Corp. v. Romero, 710 So.2d 690, 692 (Fla. 5th DCA 1998).
In this case, after an evidentiary hearing and taking judicial notice of numerous documents, the trial court ruled:
The Court reviewed and considered the appellate decisions rendered in this case by the 5th District as well as certain of the appellate decisions rendered by the 1st District in First Union National Bank v. Turney. The Court also reviewed *370 the briefs previously submitted to the Court and duly considered the arguments of counsel.
After due consideration of the arguments and the evidence the Court admitted for the hearing, the Court reconsiders this matter but DENIES the relief sought by plaintiff.
Disqualification of a party's chosen counsel is an extraordinary remedy and should be granted sparingly. Cunningham v. Appel, 831 So.2d 214, 215 (Fla. 5th DCA 2002). We conclude that trial court's dismissal of Whitener's current counsel is a harsh remedy and quash the order. Although disqualification is a prophylactic device to protect the attorney-client relationship, it also serves to destroy relationships by depriving a party of counsel of their own choosing. Allstate Ins. Co. v. Bowne, 817 So.2d 994 (Fla. 4th DCA 2002) (quoting Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721-22 (7th Cir.1982)). See also Kusch v. Ballard, 645 So.2d 1035, 1035-36 (Fla. 4th DCA 1994) (remedy of disqualification strikes at heart of one of most important associational rightsthe right to choose one's own lawyer). The disqualification of a party's attorney in a civil case is an immensely unusual remedy, one that must be employed only in limited circumstances. Allstate Ins. Co., 817 So.2d at 998. We agree with Whitener that she will sustain irreparable harm because she is deprived of counsel who are familiar with this 11-year old case, solely because of her new counsel's access to documents that are now available to the public and not privileged. See Pinebrook Towne House Ass'n, Inc. v. C.E. O'Dell & Assoc., Inc., 725 So.2d 431 (Fla. 2d DCA 1999) (the order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal).
First, Whitener's current counsel, who were involved in the Turney case, were not involved in the conduct that disqualified Whitener's original trial counsel. Additionally, while the receipt of privileged documents is grounds for disqualifying the attorney based on the unfair tactical advantage such disclosure provides, see General Accident Insurance Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505, 506 (Fla. 4th DCA 1986), Whitener's replacement counsel had access to the documents in the Turney case that the First District held were not privileged. We acknowledged in Whitener II that there were aspects in the First District Turney case that could have made the issue of whether the documents were privileged a bit closer than in this court's case. Whitener, 783 So.2d at 287. Thereafter, in First Union Nat'l Bank v. Turney, 824 So.2d 172 (Fla. 1st DCA 2001), the First District held that the documents fell within the crime-fraud exception of the attorney-client privilege. Id. at 191.
We find no harm in Whitener using counsel involved in the Turney case now that the documents are not privileged and are now available. In determining whether to disqualify counsel for allegedly reviewing privileged information, there must be proof that confidential information was actually disclosed and that this information gives an unfair advantage by virtue of that disclosure. See Wells v. Grau, 744 So.2d 544 (Fla. 4th DCA 1999) (quashing order disqualifying counsel where counsel did not obtain privileged or objectionable information in deposition). Moreover, the disclosure of the contents of privileged communications does not warrant disqualification of counsel if no informational advantage is gained. Cunningham, 831 So.2d at 216. As Judge Griffin noted in *371 her specially concurring opinion in Whitener III, "the Turney documents are not privileged and presumably available for anyone, including Whitener's counsel, to review in the Duval circuit court's recordsa reality that did not exist when we decided Whitener I and II." Whitener, 852 So.2d at 444. Cf. State v. Fitzpatrick, 464 So.2d 1185 (Fla.1985) (holding that the entire state attorney's office need not be disqualified if the disqualified attorney neither provided privileged information nor assisted in the prosecution).
Accordingly, we grant the petition for writ of certiorari, quash the order, and remand the cause with directions. On remand, the trial court shall enter an order denying the motion to disqualify Whitener's counsel, Thomas Edwards and James Fox.
CERTIORARI GRANTED; ORDER QUASHED; AND CAUSE REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] The trust in question was divided into two parts, and Whitener's step-mother, Helen Turney, was the second beneficiary. While the petition for writ of certiorari involving Whitener was pending in this court, the co-beneficiary was suing the trustee in Duval County, the Fourth Judicial Circuit, for breach of fiduciary duty concerning the same trust. The Fourth Judicial Circuit, while acknowledging this court's decision, concluded that there was sufficient additional evidence presented of fraudulent concealment by the trustee and its employees to meet the fraud exception to the attorney-client privilege. Therefore, the Duval County Circuit Court ordered the trustee to produce copies of the same documents at issue in this case. The First District denied certiorari review without explanation. First Union Nat'l Bank of Fla. v. Turney, 731 So.2d 1275 (Fla. 1st DCA 1999). Thereafter, in First Union Nat'l Bank v. Turney, 824 So.2d 172 (Fla. 1st DCA 2001), the First District held that the documents fell within the crime-fraud exception of the attorney-client privilege. Id. at 191. The court reasoned that if, with the help of an attorney, a trustee deliberately intends to defeat the rights of a beneficiary by withholding material information in violation of the trustee's fiduciary duty, communications between the attorney and the trustee concerning this matter lose their confidential nature. Id.
[2] See supra n. 1.
[3] See, e.g., Whitener v. First Union Nat'l Bank of Fla., 852 So.2d 443 (Fla. 5th DCA 2003) ("Whitener III"). In the specially concurring opinion, Judge Griffin stated that due to this court's prior opinions, the trial court may consider itself bound to disqualify Whitener's current counsel who were involved in the Turney case in Duval County circuit court. Id. at 443. But, Judge Griffin noted that in the Turney case, the First District held that the documents at issue were correctly ruled to be discoverable:

The Turney documents, not being privileged, presumably are available for anyone in the world (including counsel in the Whitener case) to review in the Duval circuit court's records. This legal reality did not exist when we decided Whitener I or II, and I cannot see how the trial court would infringe on the authority of this court by considering it. Nor is it apparent to me why the remedy of disqualification of the original trial counsel in Whitener I who erroneously received then-privileged documents from the trial court, based on counsel's request, would suggest disqualification of replacement counsel who tried the Turney case. They were not involved in the conduct that required remediation and their possession of the documents has finally been determined to have been lawful by the First District Court of Appeal.
Id. at 444.