911 So.2d 155 (2005)
CORAL REEF OF KEY BISCAYNE DEVELOPERS, INC., a Florida corporation, Petitioner,
v.
LLOYD'S UNDERWRITERS AT LONDON, an insurance company authorized to do business in Florida, Respondent.
No. 3D04-2927.
District Court of Appeal of Florida, Third District.
July 13, 2005.
*156 Lauri Waldman Ross, Miami, for petitioner.
Holland & Knight and Rodolfo Sorondo, Jr., Miami, and Ilene L. Fabian, for respondent.
Before CORTIÑAS, ROTHENBERG, JJ., and BARKDULL, Senior Judge.
CORTIÑAS, Judge.
We review a petition for writ of certiorari filed by Coral Reef of Key Biscayne Developers, Inc. ("petitioner") challenging a court order disqualifying all of its counsel of record.[1] The sole basis for the disqualification was the trial court's conclusion that the petitioner's counsel acquired useful information and an unfair tactical advantage from privileged documents afforded by a court order, which was subsequently quashed by this court. See Butler, Pappas, et. al. v. Coral Reef of Key Biscayne Developers, Inc., 873 So.2d 339 (Fla. 3d DCA 2003). Because the trial court's order departs from the essential requirements of the law, we grant the petition for writ of certiorari. See Marcus & Marcus, P.A. v. Sinclair, 731 So.2d 845 (Fla. 3d DCA 1999).
This case arises from an insurance dispute, which has been extensively litigated since 2000. The petitioner owns a rental apartment complex in Key Biscayne, Florida, and had obtained property insurance from Lloyd's Underwriters at London ("respondent"). In the fall of 1999, the petitioner submitted insurance claims to the respondent for the cost of repairing property damage due to hidden decay. Both parties retained adjusters. The respondent agreed to pay approximately $550,000 to commence repairs on the property, but held back $4.76 million.
In September 2000, the petitioner, represented by attorney Gonzalo Dorta, *157 brought an action against the respondent to recover the held-back insurance funds. In January 2001, the respondent's counsel, Butler, Pappas, et al. ("Butler Firm"), sent a letter to the petitioner denying its claim and accusing the petitioner of attempting to commit insurance fraud.
Pertinent to this case are the affidavits of Jon Stettin, the respondent's independent adjuster, and Frank Inguanzo, the petitioner's adjuster. Both of their affidavits indicated that the underlying motive and reason for the accusation of fraud in the respondent's letter was to intimidate and coerce the petitioner.
Initially, the trial court reviewed these affidavits and found that the petitioner had met its burden of piercing the attorney-client privilege based on the crime-fraud exception. The trial court entered an order compelling discovery of the communications between the respondent and the Butler Firm. On a petition for writ of certiorari, we quashed the trial court's order and reinstated the attorney-client privilege, effectively finding that the petitioner's counsel should have never seen any of the documents. See Butler, Pappas, 873 So.2d at 343.
Subsequently, the respondent moved to disqualify all of the petitioner's attorneys from the proceedings on the ground that they obtained an unfair advantage from their review of confidential documents. The trial court granted the respondent's motion and entered an order disqualifying all of the petitioner's individual attorneys, as well as their respective law firms.
Florida courts have consistently held that disqualification of a party's chosen counsel is an extraordinary remedy. See Whitener v. First Union Nat'l Bank of Fla., 901 So.2d 366 (Fla. 5th DCA 2005); Alexander v. Tandem Staffing Solutions, Inc., 881 So.2d 607 (Fla. 4th DCA 2004); Cunningham v. Appel, 831 So.2d 214 (Fla. 5th DCA 2002); Allstate Ins. Co. v. Bowne, 817 So.2d 994 (Fla. 4th DCA 2002); Arcara v. Philip M. Warren, P.A., 574 So.2d 325 (Fla. 4th DCA 1991). Moreover, motions for disqualification are viewed with skepticism because disqualification impinges on a party's right to employ a lawyer of choice, and such motions are often brought for tactical purposes. Alexander, 881 So.2d at 609. Since the remedy of disqualification strikes at the heart of one of the most important associational rights, it must be employed only in extremely limited circumstances. Kusch v. Ballard, 645 So.2d 1035 (Fla. 4th DCA 1994).
We review whether the trial court departed from the essential requirements of law in disqualifying the petitioner's counsel. See Schultz v. Schultz, 783 So.2d 329, 330 (Fla. 4th DCA 2001). Although the trial court's discretion is limited by applicable legal principles, this court will not disturb the trial court's findings of fact unless those findings are not supported by competent substantial evidence. Id.
Florida courts have squarely addressed the standard for disqualification of counsel due to the receipt of privileged documents through "inadvertent disclosure." See Sinclair, 731 So.2d at 846; Abamar Housing & Dev., Inc. v. Lisa Daly Lady Decor, Inc., 724 So.2d 572 (Fla. 3d DCA 1998). In "inadvertent disclosure" cases, disqualification of counsel may result if the attorney receiving the documents gains an unfair tactical advantage by virtue of that disclosure. See Abamar, 724 So.2d at 573. The trial court applied this standard in its order disqualifying the petitioner's attorneys.
We hold that a higher standard must apply for disqualifying counsel when the privileged documents are received pursuant to a court order that is subsequently *158 vacated. Contrary to the "inadvertent disclosure" cases, the mere possibility of an unfair tactical advantage cannot give rise to the drastic remedy of disqualification in cases where the disclosure results from a court order.
In so holding, we are persuaded by the Supreme Court of Texas' decision in In Re Nitla S.A. de C.V., 92 S.W.3d 419 (Tex.2002). In that case, the court considered the appropriate standard for granting a motion to disqualify counsel where the plaintiff's counsel received the privileged documents by a court order that was subsequently quashed. Id. at 420. The court found that, under those circumstances, the party moving to disqualify counsel must show that (1) the opposing counsel's review of the privileged documents caused actual harm to the moving party, and (2) disqualification is necessary because the trial court lacks means to remedy the moving party's harm. Id. at 423.
Notably, many courts also emphasize that due to the extraordinary nature of disqualification, even if a lawyer violates a disciplinary rule or engages in unethical conduct to retrieve the privileged documents, the party seeking disqualification must demonstrate that the opposing counsel's conduct caused severe prejudice that warrants disqualification. See, e.g., Nitla, 92 S.W.3d 419; In Re Bivins, 162 S.W.3d 415 (Tex.App.2005); Holland v. The Gordy Co., 2003 WL 1985800 (Mich.Ct.App.2003); Kusch, 645 So.2d 1035.
Here, as in Nitla, the respondent failed to proffer before the trial court any evidence of actual harm caused by opposing counsel's review of the privileged documents. See Nitla, 92 S.W.3d at 423 (finding that privileged documents that enable the plaintiff's counsel to identify four new harmful witnesses to depose did not constitute actual harm). As "most devastating," the respondent's brief cited to an opinion letter from the Butler Firm to the respondent's representative detailing the Butler Firm's recommendation on whether to deny the petitioner's insurance claim. However, much of the content in the opinion letter was disclosed to the petitioner in the respondent's letter denying coverage. The respondent further argued that it was harmed because the privileged documents discussed whether the denial letter should be issued under the letterhead of the respondent, the Butler Firm, or the respondent's independent adjuster. We find that this information does not constitute actual harm and, in any event, its disclosure could be remedied by the trial court limiting all testimony pertaining to the communications in those documents.
Disqualification is a severe measure, and the respondent failed to meet its burden of showing that disqualification is necessary because the trial court lacks any lesser means to alleviate the harm. See Bowne, 817 So.2d at 999; Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961, 962 (Fla. 4th DCA 1995). Since we are dealing with privileged documents, we decline to set out in this opinion the specific procedures to be implemented to preserve the confidentiality of the information. We leave this to the trial court for determination, noting only that there are various measures that the trial court could employ, such as returning the documents to the respondent, destroying the copies, and/or restricting evidence related to the privileged information.
It bears repeating that we do not face a situation where a lawyer obtained privileged information inadvertently and then utilized it improperly. Undoubtedly, there are some situations when a party's lawyer reviews another party's privileged documents outside the normal course of discovery and, therefore, must be disqualified. See Abamar, 724 So.2d at 574 (finding that *159 the respondent's inadvertent disclosure of documents, followed by the plaintiff's recalcitrance in rectifying the disclosure, warranted disqualification of plaintiff's counsel).
We note that the disclosure of privileged information could have been avoided had the trial court[2] issued a protective order to seal the information while the respondent sought immediate appellate review of the order compelling discovery of the documents. See Haines v. Liggett Group, 975 F.2d 81, 97 (3d Cir.1992). Nevertheless, focusing on the trial court's refusal to seal the documents during the appeal process would unjustifiably sanction the petitioner for following the trial court's order.
Accordingly, we grant the petition for writ of certiorari, quash the order, and remand the cause with directions that the trial court enter an order denying the respondent's motion to disqualify the petitioner's counsel.
Certiorari granted; order quashed; and cause remanded.
NOTES
[1] The petitioner's counsel of record are Gonzalo R. Dorta, Geoffrey Marks, Bart Billbrough, Ervin A. Gonzalez, Manuel Kadre, and their respective law firms.
[2] This was addressed by a prior trial judge.