PER CURIAM.
Peter Sotolongo and Peter Sotolongo, P.A. (collectively, “Sotolongo”) appeal from an order finding Sotolongo in contempt of court. Based upon a review of the record, we conclude that the trial court did not abuse its discretion in finding Sotolongo in contempt of court in the seventy-seven cases to which the fee-sharing agreements applied. See Carnival Corp. v. Beverly, 744 So.2d 489, 496 (Fla. 1st DCA 1999) (“A court may hold a person or party in direct criminal contempt for the violation of a court order or for an act that is contemptuous on its face.”); Henriquez v. Temple, 668 So.2d 638 (Fla. 3d DCA 1996).
However, because there is no evidence or finding of any misconduct in the cases to which the fee-sharing agreements do not apply, we find that the trial court abused its discretion in disqualifying Soto-longo from representing clients against Royal Caribbean Cruises, Ltd. and Celebrity Cruises, Ltd. (“RCL”) in those cases. Accordingly, we remand with directions for the trial court to enter an order clarifying that the contempt order applies only to the original seventy-seven cases, and that So-tolongo is not disqualified from representing clients against RCL in cases to which the fee-sharing agreements did not apply. With that exception, we otherwise affirm the contempt order and the sanctions of repayment of fees and disqualification as it applies to the original seventy-seven cases.
Affirmed as modified.