# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1292
Lower Tribunal No. 20-698-K
_____

**Terrel Vialva,**
Petitioner,

vs.

**Chelsii Nunez,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Joyce Law, P.A., and Richard F. Joyce, for petitioner.

No appearance for respondent.

Before LOGUE, MILLER and LOBREE, JJ.

LOGUE, J.

Terrel Vialva petitions for a writ of prohibition disqualifying the trial court based upon prejudice against Vialva's chosen attorney. We have previously

recognized the extraordinary demands our law places on trial judges: "the trial court, no matter how much his or her patience is taxed . . . , must never abandon the outlook and appearance of a dispassionate and objective magistrate." <u>Masten v. State</u>, 159 So. 3d 996, 997–98 (Fla. 3d DCA 2015). Because Vialva sufficiently attested that this standard was not met here, we grant the petition.

**FACTS**

The underlying case involves a paternity action filed by Chelsii Nunez against Vialva. For the first six months of the litigation, Vialva represented himself without counsel. He then hired present counsel. Shortly afterwards, Vialva moved to disqualify the trial court for prejudice against his counsel. The affidavits supporting Vialva's motion attest that the trial judge said in a prior case certain comments that we have held warrant disqualification. <u>Murphy v. Collins</u>, 307 So. 3d 102, 106 (Fla. 3d DCA 2020). Nunez filed a response noting counsel was hired after the identity of the trial judge was known and contending "the new subsection of the Florida Rules of General Practice and Judicial Administration 2.330 specifically prohibits exactly what [Vialva's counsel] is trying to achieve."

Although the court had previously granted other litigants' motions to disqualify filed after the Murphy decision was issued, the trial court denied Vialva's motion. Citing to the Rule, the order denying the motion states:

> Law Offices of [Vialva's counsel] have entered an appearance on behalf of [Vialva] in this ongoing lawsuit, with full knowledge of the assigned Judge. Counsel cannot now move to disqualify on grounds of bias against the attorney . . . . A Court's decision to disqualify from one case is not a basis to seek disqualification in another case, otherwise a Judge will serve only at the whim of counsel.

Vialva timely filed a petition for a writ of prohibition.

**ANALYSIS**

"A motion to disqualify is governed substantively by section 38.10, Florida Statutes . . . and procedurally by Florida Rule of [General Practice and] Judicial Administration 2.330." Peterson v. State, 221 So. 3d 571, 581 (Fla. 2017) (alterations omitted) (quoting Gore v. State, 964 So. 2d 1257, 1268 (Fla. 2007)). The only restriction Rule 2.330 places on the right to disqualify a trial judge for prejudice against a party's chosen counsel is that the motion cannot be made based on a claimed prejudice against the party's "substitute" or "additional" counsel. In this regard, subsection (f) of the Rule reads in pertinent part:

> **(f) Prohibition Against Creation of Grounds for Disqualification Based Upon Appearance of Substitute or Additional Counsel.** Upon the addition of new substitute counsel or additional counsel in a case, the party represented by

3

such newly appearing counsel is prohibited from filing a motion for disqualification of the judge based upon the new attorney's involvement in the case.

Id. (emphasis added).

Under basic principles of textual interpretation, the expression in the rule of certain prohibitions excludes the existence of other prohibitions. Delong v. Fla. Fish & Wildlife Conservation Comm'n, 145 So. 3d 123, 127 (Fla. 3d DCA 2014) (discussing the doctrine of *expressio unius est exclusio alterius*). Because the Rule prohibits motions to disqualify based on prejudice only against substitute or additional counsel, by implication it does not prohibit motions based on prejudice against initial counsel. We are interpreting a rule, not drafting one. "Our task is to apply the text, not to improve upon it." Pavelic & LeFlore v. Marvel Ent. Grp., 493 U.S. 120, 126 (1989) (Scalia, J.).

Substitution of counsel involves one attorney replacing, or substituting for, another attorney. Fla. R. Gen. Prac. & Jud. Admin. 2.505(e)(3)–(4) (discussing requirements for substitution of counsel); see also Bryan A. Garner, Garner's Dictionary of Legal Usage 858 (3d ed. 2011) (defining "substitute" as "to put a person or thing in place of another"). And one cannot retain an "additional" attorney unless one already has an attorney. A person representing himself or herself is, by definition, without the assistance of

4

counsel. See, e.g., Amend. VI, U.S. Const. (providing an accused in a criminal prosecution has the right to assistance of counsel). Because Vialva's counsel is not "substitute counsel or additional counsel," the Rule does not prohibit Vialva's motion.

The Rule and the case law agree on this point. While some cases have prohibited the filing of a motion to disqualify based on prejudice against counsel when counsel was hired after the identity of the trial judge was known, those cases involved claims of prejudice against additional or substitute counsel. For example, Town Centre of Islamorada, Inc. v. Overby, 592 So. 2d 774, 775–76 (Fla. 3d DCA 1992), involved a motion to disqualify based on the addition of "local co-counsel" brought into the case "five months after filing." Similarly, Sume v. State, 773 So. 2d 600, 601 (Fla. 1st DCA 2000), involved "an alleged conflict between the judge and an attorney recently retained as co-counsel." Neither of these cases involved a claim of prejudice against initial counsel.

The distinction that both the Rule and the case law makes between motions to disqualify based on initial counsel (allowed) and additional or substitute counsel (disallowed) reflects the great deference our law gives to a party's right to choose his or her counsel, at least initially. The right to choose one's lawyer is "at the heart of one of the most important

5

associational rights." <u>Coral Reef of Key Biscayne Devs., Inc. v. Lloyd's Underwriters at London</u>, 911 So. 2d 155, 157 (Fla. 3d DCA 2005). At the same time, the Rule is designed to address the problem of lawyers, who are already retained, advising their clients to hire substitute or additional counsel as a means of forum shopping. As the Supreme Court explained: "subdivision (f) . . . is amended in order to eliminate the ability of manipulation by <u>practitioners</u> who create grounds for disqualification through the appearance of <u>substitute</u> or <u>additional counsel</u>." <u>In re Amends. to Fla. Rules of Jud. Admin.–2020 Regular-Cycle Rep.</u>, 310 So. 3d 374, 376 (Fla. 2021) (emphasis added). For these reasons, Vialva was not prohibited from filing the motion.

We grant the petition but withhold issuance of the writ confident that the able and experienced trial judge involved will promptly comply.

Petition granted; writ withheld.