672 So.2d 852 (1996)
Brian GARNER, Petitioner,
v.
Reed SOMBERG, et al., Respondents.
No. 95-2970.
District Court of Appeal of Florida, Third District.
March 27, 1996.
Rehearing Denied May 22, 1996.
*853 Julian H. Kreeger, Coral Gables, for petitioner.
Jay M. Levy, Miami, for respondents.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
Brian Garner seeks certiorari review of an order that denied his motion to disqualify attorney Reed Somberg from representing the guardian of Garner's wife. For the reasons that follow, we grant the petition, quash the order under review, and direct the trial court to grant Garner's motion to disqualify Somberg.
Petitioner Brian Garner is the husband of Ana Martinez Garner, who was severely injured in an automobile accident in 1994. Garner contacted a number of attorneys in connection with pursuing a personal injury action; he eventually selected the firm of Sheldon Schlesinger.
In May, 1995, attorney Reed Somberg filed on behalf of Mabel Martinez, Ana Martinez Garner's mother, a Petition to Determine Competency and a Petition for Appointment of Emergency Temporary Guardian. Neither petition listed Brian Garner's address; Brian Garner, Ana's husband, never received notice of the hearing on the matter. The trial court appointed Mabel Martinez temporary guardian on May 25, 1995. That very same day, attorney Somberg demanded that the Schlesinger firm relinquish the personal injury file to his office.
On June 13, 1995, Brian Garner moved to disqualify Reed Somberg, averring under oath that he had communicated with Somberg on several occasions regarding the personal injury action, before deciding to hire the Schlesinger firm. Garner further averred that he had given Somberg personal, confidential information regarding himself and his relationship with his wife Ana.[1]
After thrice failing to appear, Somberg was directed by court order to appear for deposition. At that deposition, he denied that either he or any person in his office had ever spoken with Garner. Garner moved to compel Somberg to appear to answer questions certified from the deposition. Garner produced telephone records that show that he had placed from his home phone, in November of 1994, at least three phone calls to Somberg's office. One of those calls had lasted thirteen minutes. Somberg, a sole practitioner, again denied ever having spoken with Garner, and at no point provided any alternative explanation for the phone records. The trial court found that the existence of the phone calls was undisputed, but that Garner had failed to demonstrate that *854 confidential information was provided in those calls.[2]
The trial court departed from the essential requirements of the law when it denied the motion to disqualify. In conflict-of-interest cases, once an attorney-client relationship is shown to have existed, that relationship gives "rise to an irrefutable presumption that confidences were disclosed during that relationship...." State Farm Mut. Auto Ins. Co. v. K.A.W., 575 So.2d 630, 633 (Fla.1991).[3] "The presumption acknowledges the difficulty of proving that confidential information useful to the attorney's current client was given to the attorney." Id. at 634.
The privilege that supports the irrefutable presumption "does not turn on the client actually hiring or engaging the attorney; it is enough if the client merely consulted the attorney ... "with the view to employing [the attorney] professionally * * * although the attorney is not subsequently employed.'" Dean v. Dean, 607 So.2d 494, 497 (Fla. 4th DCA 1992), rev. dismissed, 618 So.2d 208 (Fla.1993).
Accordingly, Garner did not have to reveal the contents of the indisputably-made telephone calls to Somberg's office in order to meet the standard required for the trial court to disqualify Somberg.
Petition for certiorari granted; order quashed; remanded to trial court with directions.
NOTES
[1] Garner also filed a Petition to Dismiss the Emergency Temporary Guardianship as fraudulent; that action remains pending in the circuit court.
[2] At the hearing, the court commented: "I still say I need some testimony to indicate to me what was said...."
[3] It is not disputed that the second prong of the test is metthat "the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client." State Farm, 575 So.2d at 633.