PER CURIAM.
Plaza Resorts, Inc., the petitioner and plaintiff in the action below, seeks certiora-ri review of an order granting Janus Hotels & Resorts, Inc.’s motion to disqualify Plaza’s law firm. This court has jurisdiction. See Springtree Country Club Plaza, Ltd. v. Blaut, 642 So.2d 27, 28 (Fla. 4th DCA 1994); Fla.R.App.P. 9.030(b)(2).
Janus moved to disqualify Plaza’s law firm and filed an affidavit by Janus’ president. In its motion, Janus contended that Plaza’s law firm had formerly represented Janus on a matter in “which discovery requests sought information related to the subject matter of the case at bar.”
Plaza opposed Janus’ motion with an affidavit from one of the lawyers at its law firm, in which he alleged that the only matters in which it had represented Janus were substantially unrelated and no client confidences were shared between Janus and the law firm. The trial court granted the motion to disqualify based on the affidavits alone, without taking any further evidence.
Disqualification cases require the trial court to make a factual determination. Koulisis v. Rivers, 730 So.2d 289, 292 (Fla. 4th DCA 1999); Sch. Bd. of Broward County v. Polera Bldg. Corp., 722 So.2d 971, 973 (Fla. 4th DCA 1999).
The affidavits filed in this case conflict as to whether Plaza’s counsel learned of confidential matters which pertain to the present case. Where material facts are in dispute concerning a motion for disqualification, an evidentiary hearing is required. Polera, 722 So.2d at 974.
As in Polera, the trial court departed from the essential requirements of law by granting Janus’ motion for disqualification solely on the basis of affidavits submitted by the parties. The petition for writ of certiorari is granted, and the order granting the motion for disqualification is quashed. We remand the case for an evi-dentiary hearing on the issues set forth in Professional Rule of Conduct 4-1.7. The trial court shall reconsider its ruling on the discovery issue in light of the requirement that an evidentiary hearing must be held. See Pascucci v. Pascucci, 679 So.2d 1311 (Fla. 4th DCA 1996).
STONE and TAYLOR, JJ., concur.
FARMER, J., concurring specially with opinion.