PALMER, J.
Shana Strawcutter (wife) seeks certiora-ri review of the trial court’s order granting William Strawcutter’s (husband’s) motion to disqualify her counsel. Determining that the order constitutes a departure from the essential requirements of the law, causing material injury which cannot be remedied on appeal, we grant the petition.
The husband filed a petition seeking to dissolve the parties’ marriage, and the wife retained the law firm of Kaufman, Englett & Lynd, PLLC (KEL) to represent her. The husband, who is an attorney, filed a motion to disqualify KEL, alleging that the wife had conveyed to KEL attorney-client privileged information, improperly accessed from the husband’s computer, regarding the husband’s representation of a client in a separate lawsuit against KEL.
The trial court held a hearing on the motion. Counsel for the husband asserted that KEL had filed a civil suit against the husband based on the privileged information it had received from the wife and, thus, KEL was conflicted out of the dissolution case. Alternatively, counsel for the husband argued that disqualification was warranted because the husband’s mandatory disclosure of financial documents to the wife, as required by the dissolution proceeding, would provide KEL financial information to which it would not otherwise be entitled in the civil suit unless and until it obtained a judgment therein. Neither the husband nor the wife presented evidence or testimony at the hearing. The trial court granted the motion to disqualify-
Certiorari review is appropriate for orders granting motions to disqualify counsel. In Manning v. Cooper, 981 So.2d 668, 670 (Fla. 4th DCA 2008), the Fourth District explained:
Certiorari lies to review orders on motions to disqualify counsel. Frank, Weinberg & Black, P.A. v. Effman, 916 So.2d 971 (Fla. 4th DCA 2005); Whitener v. First Union Nat’l Bank of Fla., 901 So.2d 366 (Fla. 5th DCA 2005). The petitioner has the burden to demonstrate that the trial court order constituted a departure from the essential requirements of law resulting in material harm of an irreparable nature. See generally Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
As we said in Alexander v. Tandem Staffing Solutions, Inc., 881 So.2d 607, 608-09 (Fla. 4th DCA 2004):
“Disqualification of a party’s chosen counsel is an extraordinary remedy and should only be resorted to sparingly.” Singer Island, Ltd. v. Budget Constr. Co., 714 So.2d 651, 652 (Fla. 4th DCA 1998); Vick v. Bailey, 777 So.2d 1005, 1007 (Fla. 2d DCA 2000). Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on .a party’s right to employ a lawyer of choice, and such motions are often interposed for tactical purposes. See Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir.1983); Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir.1988) (observing that “the ability to deny one’s opponent the services of capable counsel, is a potent weapon”). Confronted with a motion to disqualify, a court must be sensitive to the competing interests of requiring an attorney’s professional conduct and preserving client confidences and, on the other *419 hand, permitting a party to hire the counsel of choice.
In this case, the order disqualifying the wife’s counsel constitutes a departure from the essential requirements of the law, causing material injury which cannot be remedied on appeal. Regarding the husband’s first basis for disqualification, the hearing only involved argument from the attorneys; the husband did not present any evidence demonstrating that KEL became privy to any privileged communications. Moreover, even if the husband had demonstrated that KEL possessed privileged communications, he failed to demonstrate that this fact gave the wife an unfair advantage in the dissolution proceeding. Cf. Minakan v. Husted, 27 So.3d 695, 699-700 (Fla. 4th DCA 2010) (“[BJased on the court’s statement that it did not know whether the wife gained some advantage by having the e-mail, the record does not suggest the court took that factor into account before disqualifying the wife’s attorneys.”).
As for the husband’s second basis for disqualification, it is not clear what role, if any, the potential use of the husband’s financial information in the civil action played in the trial court’s decision to disqualify KEL. However, to the extent that this concern was a basis for the decision, disqualification was not warranted because this concern would properly be addressed in the civil suit, not this dissolution suit.
Accordingly, we grant the petition and quash the disqualification order.
LAWSON and BERGER, JJ., concur.