ON PETITION FOR WRIT of CERTIORARI
SUAREZ, J.
Carlos Gutierrez, and CMG Entertainment, et al., a consortium of Columbian entertainment organizations, plaintiffs below, seek certiorari review of an order granting Defendant Paulina Rubio’s and Intervener Plaintiff Link Tours, Inc.’s motion to disqualify Richard Wolfe, Esq. and Wolfe Law Miami, P.A. (“Wolfe”) as counsel for the plaintiffs. We quash the trial court’s order and remand with instructions for the reasons set forth below.
This matter arises out of the plaintiffs’ lawsuit against Rubio for breach of contract. In 2010, the plaintiffs engaged attorney Wolfe and his firm to file suit against Rubio in state court, alleging she breached a contract for an entertainment appearance in 2010. In September 2012, Rubio hired Felipe Restrepo (“Restrepo”) as her personal assistant. She fired him less than two months later, in October 2012. Restrepo then hired Wolfe to represent him in an unrelated claim against Rubio in federal court.
*321 The defendant’s and intervener’s emergency motion to disqualify Wolfe was filed in November 2012. They asserted in the motion that Mr. Wolfe and his law firm obtained confidential and privileged information from Restrepo regarding the underlying litigation between the parties. The motion asserts that, during his two-month employment as a personal assistant for Rubio, Restrepo was present during litigation strategy meetings between Rubio and her attorney, had access to papers that are attorney-client privileged, and that he divulged the contents of these conversations and documents to Mr. Wolfe. Mr. Wolfe denies receiving any information from Restrepo pertaining to the instant litigation and Restrepo claims to have no knowledge as to the instant litigation.[1]
The underlying litigation was set for trial in January 2013. On an emergency basis, the trial court conducted a non-evi-dentiary hearing to consider the conflicting affidavits and argument of counsel on the motion to disqualify the plaintiffs’ counsel. In a lengthy order, in which the trial court made findings of fact, the court granted the motion disqualifying Mr. Wolfe from representing the plaintiffs in the underlying litigation.
The case law uniformly calls disqualification of a party’s lawyer in a civil case a drastic remedy, one that must be employed only in limited circumstances. See Allstate Ins. Co. v. Bowne, 817 So.2d 994, 998-99 (Fla. 4th DCA 2002) (citing Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721-22 (7th Cir.1982) (“[W]e also note that disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. A disqualification of counsel ... also serves to destroy a relationship by depriving a party of representation of their own choosing. ... [S]uch motions should be viewed with extreme caution for they can be misused as techniques of harassment.”)); see also Transmark, U.S.A., Inc. v. State Dep’t of Ins., 631 So.2d 1112, 1116 (Fla. 1st DCA 1994) (disqualification of an attorney is an extraordinary remedy and must be sought with “reasonable promptness .... to prevent ... using the motion as a tool to deprive [the movant’s] opponent of counsel of his choice after completing substantial preparation of the case”). This restraint is also quite in keeping with the very narrow role of common law certiorari prior to judgment in civil cases. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (pretrial certiorari relief in civil cases is an “extraordinary remedy” that “should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.”), superseded by statute on other grounds, § 768.72, Fla. Stat. (1986), as recognized in Henn v. Sandler, 589 So.2d 1334, 1334 (Fla. 4th DCA 1991).
Disqualification cases require the court to make a factual determination that 1) there is proof that confidential information was actually disclosed and, 2) that this information gave the non-moving party an unfair tactical advantage. See Whitener v. First Union Nat’l Bank, 901 So.2d 366 (Fla. 5th DCA 2005); Plaza Resorts v. Janus Amer. Grp., 811 So.2d 850 (Fla. 4th DCA 2002); Strawcutter v. Strawcutter, 101 So.3d 417 (Fla. 5th DCA 2012). See also Stewart v. Bee-Dee Neon & Signs, Inc., 751 So.2d 196, 201 (Fla. 1st DCA 2000) (discussing the hiring of non-lawyer personnel with knowledge of client confidences). Cf. City of Apopka v. All Corners, Inc., 701 So.2d 641, 644 (Fla. 5th *322 DCA 1997) (holding that disqualification is required only when there is evidence that the law firm obtained confidential information, thereby gaining an unfair advantage, from its new personnel).
Here, no testimony was presented, only affidavits, and those affidavits disagree on such material issues as whether Restrepo had access to and did obtain any proprietary information, whether such information was passed on to Wolfe, and if so, whether that information gave Wolfe an unfair tactical advantage in the litigation between the plaintiffs and Rubio. As such, the trial court departed from the essential requirements of law by considering solely the conflicting affidavits and by not conducting an evidentiary hearing to resolve the conflicting factual issues.[2] See Plaza Resorts, 811 So.2d at 851. We therefore quash the trial court’s order granting disqualification and remand the cause for an evidentiary hearing.
CERTIORARI GRANTED, ORDER QUASHED; AND CAUSE REMANDED.

. Yet, immediately prior to trial, Mr. Wolfe amended his witness list to include Restrepo.

. We agree with the Fourth District Court of Appeal's observation in Allstate Insurance Co. v. Bowne, 817 So.2d 994, 999-1000 (Fla. 4th DCA 2002), a disqualification case:
We have no way of knowing at this stage whether the statement of the witness will ever play any role at trial in this case. Indeed it may never even be offered. The witness may testify at trial, but by then he will surely have been subjected to deposition by the parties.... Hence, if an eviden-tiary issue arises at trial involving the statement, and the opposing party can make a showing that some unfair advantage is implicated by the use of the statement, the trial judge will then be in a position to employ some remedy less drastic than lawyer disqualification. Throwing the party’s lawyer out of the case simply should not even be considered where other remedies may mitigate any problem of unfairness that might later arise.... Because the moving party has not shown that any confidential information was actually disclosed — or, for that matter, was capable of being disclosed by this witness — common law certio-rari does not lie to review a pre-trial decision that has not been shown to play any role in the outcome.