GROSS, J.
Three Publix managers petition for a writ of certiorari to review an order disqualifying their counsel, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. (“Stearns Weaver”). The managers are being sued by two former bakery employees for, among other things, conspiring to have them fired. Publix is not a defendant in this civil suit, but one of the former employees previously filed an employment discrimination complaint against Publix with the Florida Commission on Human Relations. Publix retained Stearns Weaver to represent both the managers in this case and Publix’s interests. The trial court disqualified Stearns Weaver because the law'firm had access to private or confidential information in Publix’s personnel files for the former employees and access to the confidential FCHR file. The managers were involved in responding to the FCHR complaint and at least one of the managers had access to the personnel files. The court was concerned, however, that Stearns Weaver, which solely represented Publix, had access to confidential irrelevant information that would not otherwise have been available.
Disqualification of a party’s chosen counsel is a drastic remedy that should *964 be used sparingly. Alexander v. Tandem Staffing Solutions, Inc., 881 So.2d 607, 608 (Fla. 4th DCA 2004); see also Gutierrez v. Rubio, 126 So.3d 320, 2013 WL 1316383 (Fla. 3d DCA Apr. 3, 2013). The party seeking disqualification has the burden of showing that it is necessary because of actual harm. Coral Reef of Key Biscayne Developers v. Lloyd's Underwriters at London, 911 So.2d 155, 158 (Fla. 3d DCA 2005). Disqualification is not appropriate if lesser alternatives can alleviate the harm. Id.; Esquire Care, Inc. v. Maguire, 532 So.2d 740, 741 (Fla. 2d DCA 1988) (recognizing that before ordering disqualification the trial court should determine whether “one party has obtained an unfair advantage over the other which can only be alleviated by removal of the attorney” (citations omitted)).
We agree with petitioners that the disqualification order departs from the essential requirements of law. This case does not involve attorney-client confidences or work product concerns which serve as the grounds for many of the attorney disqualification cases. Counsel’s access to private information in the FCHR file and the personnel files did not warrant disqualification. Although Publix is not a party in this suit, its interests are aligned with those of the managers. Information in the personnel files is relevant to this litigation. The files include attendance and tardiness records and other information related to the former employees’ termination. Counsel’s access to any irrelevant private information in the personnel files and FCHR complaint is not equivalent to disclosure of privileged attorney-client information. Thus, the privacy rights of the former employees could have been protected by less drastic means, such as the issuance of a protective order to prevent use or dissemination of irrelevant personal information.
Accordingly, we grant the petition and quash the trial court’s order.
DAMOORGIAN, C.J., and WARNER, J., concur.