KNOLL, J.,
concurs and assigns reasons.
hWhile I fully concur with the majority’s decision to suspend respondent from the practice of law, I write separately because my reasoning differs from that of the majority.
At the outset, I agree with the majority’s conclusion that respondent committed misconduct by engaging in a sexual relationship with a current client, but I strongly disagree with the majority’s finding respondent committed no misconduct with regard to his relationships with his former clients.
I acknowledge the question of whether a sexual relationship with a former client constitutes an ethical violation is res nova in our jurisprudence. However, pervading our case law concerning the lawyer’s relationship with current clients is the overarching notion that a lawyer is forbidden from advancing his personal interests at the expense of his client’s interests. This duty may persist even after the termination of the attorney-client relationship in cases where the lawyer’s actions may have the potential to harm the former client’s interests.
When a sexual relationship arises during the course of the representation, immediate termination of the attorney-client relationship is a mandatory step in ameliorating the harm to the client’s legal interests. However, termination does not entirely eliminate the lawyer’s ethical obligations to his now former client. Rather, as shown by Rule 1.9, an attorney has continuing duties toward former clients which do not cease merely because the professional relationship has ended.
| ¡¡Respondent's conduct may not directly impact any of the specific duties toward former clients set forth in Rule 1.9. Nonetheless, courts have recognized that the specific duties in Rule 1.9 derive from a general duty of loyalty to the former client. See Brent v. Smathers, 529 So.2d 1267, 1269 (Fla.App.3d Dist.1988) (explaining the Florida version of Rule 1.9 “also *579 imposes upon the lawyer a duty of loyalty”); see also United States v. Culp, 934 F.Supp. 394 (M.D.Fla.1996) (holding that “under the ethical canons a duty of loyalty exists apart and distinct from the duty to maintain client confidences”).
Inherent in the duty of loyalty is the corresponding duty to protect the client’s best interests. While this duty primarily impacts ongoing representation, the attorney must continue to act in a way so as not to actively harm the former client’s best interests even after the professional relationship ceases.
The facts of this case illustrate the potential danger a sexual relationship between the lawyer and a former client may pose to the client’s interests even after the relationship is terminated. For example, concerning the clients identified as BMP and MLDG, respondent commenced a sexual relationship with each of these women after his representation was terminated but before the underlying domestic proceedings were concluded. A lawyer’s decision to begin a relationship while domestic proceedings are ongoing can present a range of foreseeable problems which have a clear potential to harm the former client’s best interests. Depending upon the stage of the underlying proceeding, the sexual relationship could raise fault issues and impair the former spouse’s ability to seek support. By interjecting himself into the former client’s personal life, the lawyer might be transformed into a witness in the proceeding. At the very least, the relationship might increase acrimony between the spouses and. impact issues such as child support and property settlements.
| .^Considering these factors, I would find respondent had a duty to refrain from entering into a sexual relationship with his former clients until the underlying proceedings are concluded. By failing to do so, respondent has placed his personal interests ahead of his professional obligations. He has potentially jeopardized his clients’ legal matters and burdened them by forcing them to find new legal representation.[1] Respondent’s actions convincingly demonstrate he falls far short of the high expectations we place on all members of the bar. The frequency of respondent’s sexual involvement with numerous female clients evidences a pattern of conduct by means of his practice which degrades his obligations to the client and demeans our time-honored profession. His actions have not only adversely affected the interests of his clients, but negatively impact the public’s confidence in the legal profession. ' In my opinion, this conduct warrants sanctions.
Accordingly, I respectfully concur in the result reached by the majority’s opinion.

. The majority finds respondent should be disciplined based on his decision to refer a former client to another lawyer in the law firm with which he was associated. However, I would pretermit a discussion of his issue, as I find respondent never should have created a situation in which his personal interests would preclude him from representing his client.