# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2299
Lower Tribunal No. 16-3452
_____

**Jose Ignacio Lopez, Sr., etc.,**
Petitioner,

vs.

**Maria Mercedes Flores, etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Gordon & Rees Scully Mansukhani, and David M. Gersten, Joseph A. Sacher and Christopher A. Noel, for petitioner.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Alan J. Kluger and Jamie L. Zuckerman; Samson Appellate Law, and Daniel M. Samson, for respondent.

Before SUAREZ, C.J., and WELLS and SCALES, JJ.

PER CURIAM.

Petitioners, the children of the now deceased Jose Ignacio Lopez, Sr. (the "Children"), seek certiorari review of a trial court order denying the Children's motion to disqualify the law firm of Kluger, Kaplan, Silverman, Katzen & Levine, P.L. (the "Kluger Firm") from representing respondent Maria Mercedes Flores. Because the unrebutted record establishes that, prior to Flores hiring the Kluger Firm, the Children's attorney shared confidential information with the Kluger Firm, we quash the trial court's order and disqualify the Kluger Firm from representing Flores in these proceedings.

## I. Facts

In February of 2016, Lopez's Children, as plenary co-guardians of Lopez, filed a verified petition to annul the marriage of 83-year-old Lopez and 54-year-old Flores. The Children's annulment petition asserts that Flores secretly retained counsel to draft a prenuptial agreement and then, on February 28, 2014, Flores married Lopez without the Children's knowledge. The Children also allege that Lopez's health rapidly declined under Flores's care. Flores denies the Children's claims and asserts that the Children have engaged in a fraudulent scheme to take over Lopez's affairs for their own financial gain.

On August 31, 2016, the Kluger Firm appeared as Flores's attorney in the annulment action. Two days later, the Children's attorney sent a letter via email to the Kluger Firm informing the Kluger Firm of "numerous communications" that

2

had occurred between the Children's attorney and a Kluger Firm attorney in which "confidential information and strategy protected by the attorney/client and work product privileges" were disclosed. The letter goes on to state that the Kluger Firm "is clearly prohibited from representing Mercy Flores in this matter." The letter asks that the Kluger Firm confirm with its attorney that confidential information had been shared, precluding the Kluger Firm's representation of Flores. The Kluger Firm responded immediately by denying that any confidential information had been disclosed. The Kluger Firm's email contained the following invitation: "File your motion. We will seek fees."

Accepting the Kluger Firm's invitation, the Children filed a motion in the trial court to disqualify the Kluger Firm. The Children asserted that during conversations between the Children's attorney and the Kluger Firm attorney, the Kluger Firm was provided with confidential, privileged information that could cause a disadvantage to the Children.

In September of 2016, the trial court held an evidentiary hearing on the Children's disqualification motion. The only witness to present testimony was the Children's attorney. He testified that he was retained by the Children to represent them in November of 2015. He testified that, in December of 2015, he began speaking with his longtime friend, the Kluger Firm attorney, about serving as the Children's co-counsel in the proceeding. He testified that he revealed to the Kluger

3

Firm attorney "facts, strategy that I was intending to employ, and giving him a road map of where I thought he would fit into the case to help me out as co-counsel." The Children's attorney further testified that he disclosed facts to the Kluger Firm attorney that are currently not available to the public. This testimony was unrebutted.

The trial court denied the disqualification motion. In the denial order the trial court expressly notes that, according to the unrebutted testimony of the hearing's only witness, "confidential matters and case strategy had been discussed." Nonetheless, the trial court held that such unrebutted evidence was "insufficient" to establish a prima facie case for disqualification. The trial court held that, because the testimony "offered no proof that any specific confidential information was divulged," the trial court was unable to make the determination that confidential information had been divulged or that the Kluger Firm obtained any tactical advantage as a result of the discussions between the two lawyers.

Not only did the trial court deny the Children's disqualification motion, it also denied the Children's motion to stay the trial court's order to allow for certiorari review in this Court. In denying the Children's stay request, however, the trial court ordered the Kluger Firm attorney – with whom the allegedly confidential information had been shared – not to participate in the case in any way and not to discuss the case with anyone at the Kluger Firm.

The Children sought certiorari review of the trial court's disqualification order. We entered an order staying the trial court's order and temporarily prohibited the Kluger Firm from participating in the proceedings below until we could hear the Children's certiorari petition on the merits.

## II. Standard of Review

Initially, we note the general principle that disqualification of a party's chosen lawyer is a drastic remedy, only to be employed in very limited circumstances. Gutierrez v. Rubio, 126 So. 3d 320, 321 (Fla. 3d DCA 2013). In order to grant the Children relief, we must find that the trial court departed from the essential requirements of law resulting in irreparable injury to the Children. State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, Inc., 74 So. 3d 105, 108 (Fla. 3d DCA 2011). Specifically, in order to prevail, the Children must demonstrate that the trial court erred in its determination that there was no proof that confidential information was actually disclosed. Gutierrez, 126 So. 3d at 321-22.

## III. Analysis

Rule 4-1.18 of Florida's Rules of Professional Responsibility governs conflicts of interest regarding an attorney's prospective clients. In relevant part, rule 4-1.18(c) reads as follows:

> A lawyer . . . may not represent a client with interests materially adverse to those of a prospective client in the same . . . matter if the

5

lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter . . . . If a lawyer is disqualified from representation under this rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter . . . .

Fla. Bar R. 4-1.18(c).

Because it is undisputed both that the Children's interests are "materially adverse" to those of Flores, and that information was shared by the Children's attorney with the Kluger Firm attorney, the relevant inquiry is whether the Kluger Firm attorney received information from the Children's attorney that could be used to the disadvantage of the Children. The *only* evidence before the trial court on this critical issue was that the Children's attorney had indeed communicated confidential information and case strategy with the Kluger Firm attorney. Presumably recognizing this, the trial court purported to enjoin the Kluger Firm attorney from any participation in the case and from having any discussions about the case with his Kluger Firm law partners. The trial court's sequestration of the Kluger Firm attorney from other Kluger Firm members is simply irreconcilable with the trial court's conclusion that no confidential information had been shared with the Kluger Firm attorney. Sequestration would not be necessary had no confidential information been disclosed.

While we understand the trial court's concern that the Children's attorney's testimony, albeit unrebutted, was bereft of detail and somewhat conclusory, we

note that a disqualification standard requiring the movant's attorney to testify, in open court, as to the specifics of any shared confidential communications would only exacerbate disclosure issues. Thus, we decline Flores's invitation to recede from those cases holding that there is an "irrefutable presumption that confidences were disclosed" once it is shown that an attorney-client relationship existed. State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991); Metcalf v. Metcalf, 785 So. 2d 747, 749 (Fla. 5th DCA 2001); Garner v. Somberg, 672 So. 2d 852, 854 (Fla. 3d DCA 1996). We further decline to recede from those cases employing that irrefutable presumption even though the attorney with whom presumed confidences were disclosed is not subsequently employed.[1] Metcalf, 785 So. 2d at 749-50; Garner, 672 So. 2d at 854; Dean v. Dean, 607 So. 2d 494, 497 (Fla. 4th DCA 1992).

In this case, the record plainly and irrefutably demonstrates that confidential information was shared with an attorney of the Kluger Firm. Because that attorney of the Kluger Firm was disqualified from representing Flores, no attorney of the Kluger Firm can represent Flores in this case. Fla. Bar R. 4-1.18(c).

### IV. Conclusion

---

[1] We reject Flores's suggestion, without citation to authority, that the Florida Supreme Court's 2006 amendments to rule 4-1.18 entirely abrogated the relevant holdings in K.A.W., Metcalf, and Garner. In our view, rule 4-1.18 merely recognizes that, except in those circumstances outlined in rule 4-1.18(d) – which are not applicable to this case – a lawyer's confidentiality obligations apply to prospective clients.

Therefore, we grant the petition, quash the trial court's disqualification order, and remand for entry of an order disqualifying the Kluger Firm from representing Flores in this matter or any substantially related matter.

Petition granted; order quashed.