# Third District Court of Appeal
## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2264
Lower Tribunal No. 16-17648-CA-01
_____

**Jean-Philippe Schneider,**
Appellant,

vs.

**Christian Tirikian, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Jean-Philippe Schneider, in proper person.

Paul A. McKenna & Associates, and Paul A. McKenna, for appellees.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

GORDO, J.

Jean-Philippe Schneider ("Schneider"), pro se, appeals an interlocutory order denying his motion to disqualify opposing counsel. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(E) (authorizing appeals of nonfinal orders that grant or deny a motion to disqualify counsel). Because we find the trial court did not abuse its discretion in denying Schneider's motion, we affirm. See Stopa v. Cannon, 330 So. 3d 1033, 1035 (Fla. 2d DCA 2021) ("We review orders on motions to disqualify counsel for an abuse of discretion."); Applied Digit. Sols., Inc. v. Vasa, 941 So. 2d 404, 408 (Fla. 4th DCA 2006) ("The standard of review for orders entered on motions to disqualify counsel is that of an abuse of discretion. While the trial court's discretion is limited by the applicable legal principles, the appellate court will not substitute its judgment for the trial court's express or implied findings of fact which are supported by competent substantial evidence."); Gutierrez v. Rubio, 126 So. 3d 320, 321 (Fla. 3d DCA 2013) ("[D]isqualification of a party's lawyer in a civil case [is] a drastic remedy, one that must be employed only in limited circumstances."); Alters v. Villoldo, 230 So. 3d 115, 117 (Fla. 3d DCA 2017) ("Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party's right to employ a lawyer of choice, and such motions are often interposed for tactical

purposes." (quoting Alexander v. Tandem Staffing Sols., Inc., 881 So. 2d 607, 608-09 (Fla. 4th DCA 2004))).

Affirmed.